UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-04606-DSR Date: September 10, 2026

Title **Noe Zarat-Perez v. Department of Homeland Security, et al.**

Present: The Honorable: Daniel S. Roberts, United States Magistrate Judge

| | |
|---|---|
| A. Felix for L. Krivitsky | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW RE FAILURE TO ANSWER PETITION AND SHOW CAUSE WHY THE WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED**

Petitioner, an immigration detainee at the Adelanto ICE Detention Center, initiated this case pro se on August 12, 2026, by filing his Petition for Writ of Habeas Corpus. See Doc. No. 1. Concurrently with the Petition, Petitioner also filed a request for a Temporary Restraining Order. See Doc. No. 4. On August 14, 2026, the Court entered the Notice of General Order 26-05. See Doc. No. 6. Therein, the Court directed Respondents "to show cause why the writ of habeas corpus should not be granted," and set an expedited briefing schedule. Id. Under that schedule, counsel for Respondents were required to file a Notice of Appearance no later than August 17, 2026, and Respondents were ordered to file their Answer to the Petition no later than August 21, 2026. Id. Also on August 14th, the Court denied Petitioner's request for a Temporary Restraining Order on the ground that Petitioner had not shown sufficient grounds for ex parte relief in light of the expedited briefing schedule applicable to this case. See Doc. No. 6.

Respondents have not, however, filed the required Answer to the Petition. As such, they have defaulted on their obligation to "show cause why the writ should not be granted" and to "certify[y] the true cause of the detention." 28 U.S.C. § 2243.

Respondents are hereby ORDERED TO SHOW CAUSE in writing, no later than **12:00 noon on September 11, 2026**, why they have failed to comply with the Court's order within the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-04606-DSR Date: September 10, 2026

Title **Noe Zarat-Perez v. Department of Homeland Security, et al.**

Notice of General Order 26-05 and the requirements of 28 U.S.C. § 2243 quoted above. Respondents may do so by either filing the Notice of Appearance and an Answer – in which they address ALL claims and bases alleged in the Petition – or by filing a sworn Declaration showing good cause for their failure to comply with the direction within the Notice of General Order 26-05 and a commitment to a date by which they will file the required documents.

FAILURE TO RESPOND TO THIS ORDER WILL BE TREATED AS A CONCESSION THAT PETITIONER IS ENTITLED TO THE RELIEF SOUGHT IN THE PETITION, INCLUDING IMMEDIATE RELEASE FROM RESPONDENTS' CUSTODY ON THE SAME TERMS OF SUPERVISION THAT APPLIED TO PETITIONER PRIOR TO THEIR JULY 11, 2026, DETENTION.

If Respondents timely file an Answer to the Petition, Petitioner may file a Reply thereto within fourteen days of service of that Answer on Petitioner, after which the case will be taken under submission for decision without oral argument, unless otherwise ordered by the Court.

cc: Daniel.Beck@usdoj.gov
Alarice.Medrano@usdoj.gov

:

**Initials of Preparer** AF