**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NOE ZARAT-PEREZ,<br>Petitioner,<br>v.<br>DEPARTMENT OF HOMELAND SECURITY,<br>Respondent. | No. 5:26-cv-04606-DSR<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING IMMEDIATE RELEASE** |

On August 12, 2026, Petitioner Noe Zarat-Perez, a noncitizen who has been detained in Immigration and Customs Enforcement ("ICE") custody since July 11, 2026, filed a pro se Petition for Writ of Habeas Corpus ("Petition") challenging their ongoing detention as violative of federal law. See Doc. No. 1. Petitioner requests relief in the form of a Writ of Habeas Corpus ordering their immediate release from immigration custody. Id. at p. 7.

Concurrently with filing the Petition, Petitioner also applied for a Temporary Restraining Order ("TRO"), and voluntarily consented under 28 U.S.C. § 636 to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment. See Doc. Nos. 3, 4. The case subsequently became fully consented pursuant to the United States Attorney's Office General Consent to Disposition by Magistrate Judge in Immigration Habeas Cases. See General Order 26-05 at Ex. "A" (Doc. No. 5); see also Doc. No. 10.

On August 14, 2026, the Clerk of Court served a copy of the Petition on Respondents along with a Notice of General Order 26-05 and Briefing Schedule. See Doc. No. 6. Therein, the Court directed Respondents "to show cause why the writ of habeas corpus should not be granted," and set an expedited briefing schedule. Id. Under that schedule, counsel for Respondents were required to file a Notice of Appearance no later than August 17, 2026, and Respondents were ordered to file their Answer to the Petition no later than August 21, 2026. In light of that expedited briefing schedule, and the fact that Petitioner did not allege in the TRO Application "imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule," the Court denied Petitioner's request for a TRO, deferring consideration of the case for the short period until Respondents' Answer on the merits was due. See Doc. No. 8.

Respondents did not file any such Answer, however, and have disregarded entirely the Court's directive that they "show cause why the writ of habeas corpus should not be granted." To ensure this was not an oversight by Respondents, on September 10, 2026, the Court issued an Order directing Respondents to show cause, in writing, no later than 12:00 noon on September 11, 2026, why they failed to comply with the Court's order within the Notice of General Order 26-05 and the requirements of 28 U.S.C. § 2243 (directing respondents to "show cause why the writ should not be granted" and to "certif[y] the true cause of detention."). See Doc. No. 11. Respondents were cautioned that "FAILURE TO RESPOND TO THIS ORDER WILL BE TREATED AS A CONCESSION THAT PETITONER IS ENTITLED TO THE RELIEF SOUGHT IN THE PETITION, INCLUDING IMMEDIATE RELEASE FROM IMMIGRATION CUSTODY ON THE SAME TERMS OF SUPERVISION THAT APPLIED TO PETITIONER PRIOR TO THEIR JULY 11, 2026, DETENTION." Id. at p. 2.

Despite the admonition of the Court, Respondents have not complied with the Court's show-cause order, nor filed an Answer to the Petition. Instead, their

counsel sent an email to the Court's clerk confirming "that the government is not filing an opposition to the habeas petition in this case."

Local Rule 7-12 provides that "[t]he failure to file any required document … may be deemed consent to the granting or denial of the motion[.]" The Court deems Respondents' failure to file an Answer to the Petition in this case, despite having notice of their obligation to do so and an opportunity to comply, to be their consent to granting the relief sought in the Petition for Writ of Habeas Corpus.

The Court therefore finds that Petitioner is presently in custody of Respondents in violation of the Constitution or laws or treaties of the United States; thus, a Writ of Habeas Corpus should issue pursuant to 28 U.S.C. § 2241 compelling his immediate release. IT IS THEREFORE ORDERED that:

(A) Respondents shall immediately release Petitioner **NOE ZARAT-PEREZ (A No. 205-925-451)** from immigration custody and reinstate their release under the same conditions in place prior to Petitioner's detention on July 11, 2026.

(B) Respondents shall also provide Petitioner with a copy of this Order at or near the time of release.

(C) Within two days of the date of this Order, Respondents shall file with the Court a status report confirming Petitioner's release and return of any personal property and documents

(D) The Court will issue Judgment consistent with this Order.

IT IS SO ORDERED.

DATED: September 11, 2026 ______________________________

HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE